IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**CLIFFORD D. PRICE,**

        Plaintiff,

                          CIVIL ACTION
   vs.                         No. 05-3245-SAC

**L.E. BRUCE, et al.,**

        Defendants.


ORDER


This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

---

[1] Plaintiff is advised that he remains obligated to pay the statutory filing fee of $250.00 in this action upon the satisfaction of the obligation imposed in Case No. 01-3245. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**Background**

At all relevant times, plaintiff was incarcerated at the Hutchinson Correctional Facility.

Following an investigation, authorities charged plaintiff with two charges of battery against another prisoner on November 21, 2002. The report, prepared on December 6, 2002, alleged that following a verbal altercation, plaintiff struck the other inmate with a closed fist and threw a pitcher of hot water into the other inmate's face and chest. After the inmate was taken to the facility clinic, plaintiff allegedly broke the other inmate's cassette radio and color television.

The disciplinary hearing was conducted on December 16, 2002. The hearing was conducted in absentia due to plaintiff's failure to cooperate after receiving two warnings. Plaintiff was found guilty, and the hearing officer imposed sanctions including loss of good time and restitution for the radio and television.

Plaintiff did not file a disciplinary appeal from that decision, nor did he seek relief in a state habeas corpus action. Instead, on December 18, 2003, he filed an administrative grievance alleging he was denied due process by

2

the order of restitution because there was no decision concerning the specific allegation of destroying the radio and television. Relief was denied, in part due to plaintiff's attempt to use the grievance procedure as a substitute for the disciplinary process.

Plaintiff filed the present action on June 1, 2005.

### Discussion

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf". Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.1997). Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. 1915(e).

Plaintiff's claim of a due process error arises from a disciplinary conviction in which he lost six months' good time credits.  Because a decision in his favor would implicate the validity of that disciplinary action and therefore, the duration of his sentence, plaintiff must first obtain relief from that administrative decision in a habeas corpus action before he may proceed in a civil rights action pursuant to § 1983.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 412 U.S. 477, 487 (1994).

In this case, plaintiff has not demonstrated that his disciplinary conviction has been invalidated, and it appears he would now be barred from commencing a state habeas corpus action on that claim.[2]  Accordingly, the court concludes this matter must be dismissed for failure to state a claim upon which relief may be granted.

---

[2] K.S.A. 60-1501(b) provides: Except as provided in K.S.A. 60-1507, and amendments thereto, an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue in Case No. 01-3245 and in this matter pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the full obligation in each case.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this order shall be transmitted to plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 3d day of February, 2006.

                    S/ Sam A. Crow
                    SAM A. CROW
                    United States Senior District Judge